UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-49 |
| | ) | |
| FOREST CLEVENGER | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on September 12, 2005, for a hearing in regard to whether or not the defendant has violated the terms of his supervised release. The defendant stipulated that he has violated the terms of his supervised release by the following:

    1. The defendant was arrested on August 12, 2005, by the Cocke County, Tennessee Sheriff's Department for Theft Under $500, a case which allegedly involved Food Stamp Fraud.

    2. He was also arrested on August 13, 2005, by the Dandridge, Tennessee Police Department for Simple Possession of Marijuana, which resulted from a routine traffic stop which occurred on July 4, 2005. The defendant was stopped by a Dandridge Police Officer for Expired Tags, and was found to be in possession of 12.4 grams of

marijuana. However, the offender agreed to act as an informer for Agent Mack Smith of the Third Judicial Drug Task Force, and therefore, no charges were placed. The defendant only informed his supervising officer that he was stopped by law enforcement for a traffic violation, and that he was not charged. He did not inform his probation officer of the marijuana which was found, nor did he seek permission from the probation officer or the court to act as an informer. When the defendant did not follow through with his agreement to act as an informer with the Drug Task Force, a warrant was issued on August 12, 2005, for his arrest.

It was undisputed that the defendant's violation guideline range is from three (3) to nine (9) months. Considering the factors set out in 18 *U.S.C.* § 3553(a), the Court finds that these factors suggest that a reasonable sentence in this case is six (6) months. Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is revoked and he is sentenced to serve a term of six months incarceration to be followed by a term of thirty (30) months of supervised release.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court in Local Rule 83.10, and shall not illegally possess a controlled substance. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. The defendant shall cooperate in the collection of DNA. In addition, it is also hereby **ORDERED** that the defendant shall comply with the

following special conditions:

    1. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.

    It is also **ORDERED** that the defendant may self-report to his designated facility if he posts a $10,000.00 cash bond with the Court.

    ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
